UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GILBERT M. VOGHT,

                Plaintiff,         6:05-CV-1170
                                                (NAM)(GHL)

     v.

SGT. DANIEL R. VOGHT; LORRAINE MARY
CAGWIN VOGHT HARRISON; MONTGOMERY
COUNTY SHERIFF'S DEPARTMENT; and NEW
YORK  STATE POLICE DIVISION
HEADQUARTERS,

                Defendants.
_____

APPEARANCES:

GILBERT M. VOGHT
Plaintiff, *pro se*

NORMAN A. MORDUE, Chief United States District Judge

## DECISION and ORDER

**I.    Background.**

The Clerk of the Court has sent Plaintiff Gilbert M. Voght's amended complaint to the Court for its review. The amended complaint was submitted by Plaintiff in compliance with the Order issued by this Court on October 5, 2005.[1]  Dkt. No. 4 ("October Order").

In Plaintiff's *pro se* amended complaint, he alleges that Defendant Sgt. Daniel R. Voght filed false charges against Plaintiff, stole items from Plaintiff's property, and harassed Plaintiff. Dkt. No. 10 at 3-4. Plaintiff also alleges that when he sought help from the Defendants employed by the Montgomery County Sheriff's Department or the New York State Police, they denied him assistance

---

[1] Plaintiff requested and received multiple extensions of time to file his amended complaint.

and protection in violation of Plaintiff's right to equal protection.  *Id*. at 3-5.  For a more complete statement of Plaintiff's claims, reference is made to his amended complaint.  Dkt. No. 10.

**A.     Defendant Sgt. Daniel R. Voght**

Plaintiff has commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983").  Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  *German v. Fed. Home Loan Mortg. Corp.*, 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (§ 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.") (citation omitted).

Parties may not be held liable under Section 1983 unless it can be established that they have acted under the color of state law.  *See*, *e.g*., *Rounseville v. Zahl*, 13 F.3d 625 (2d Cir. 1994) (noting state action requirement under § 1983); *Wise v. Battistoni*, 92-Civ-4288, 1992 WL 380914, *1 (S.D.N.Y. Dec. 10, 1992) (same) (citations omitted).  State action is an essential element of any § 1983 claim.  *See Gentile v. Republic Tobacco Co*., No. 95-CV-1500, 1995 WL 743719, *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, D.J.) (citing *Velaire v. City of Schenectady*, 862 F.Supp. 774, 776 (N.D.N.Y. 1994) (McAvoy, C.J.) (citation omitted)).

In this Court's October Order, Plaintiff was advised that

> In order to maintain a section 1983 action, two essential elements must
> be present: (1) the conduct complained of must have been committed
> by a person acting under color of state law; and (2) the conduct
> complained of must have deprived a person of rights, privileges, or
> immunities secured by the Constitution or laws of the United States.
> *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68

> L.Ed.2d 420 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Courts have had frequent occasion to interpret the term "color of law" for the purposes of section 1983 actions, and it is by now axiomatic that "under 'color' of law means under 'pretense' of law" and that "acts of officers in the ambit of their personal pursuits are plainly excluded." *Screws v. United States*, 325 U.S. 91, 111, 65 S.Ct. 1031, 1040, 89 L.Ed. 1495 (1945).
>
> *Pitchell v. Callan*, 13 F.3d 545, 547-48 (2d Cir. 1994); *see also Costello v. Norton*, No. 96-CV-1634, 1998 WL 743710, at *10 (N.D.N.Y. Oct. 21, 1998) (a state trooper acting in his capacity as a private citizen is not acting under color of state law).

Dkt. No. 4 at 5.  Plaintiff was also advised in the October Order that "because defendant Daniel R. Voght retired from the State Police force around June 2004, it is clear that any acts taken by Daniel R. Voght after that date were **not** done under color of law."  *Id*.  Plaintiff was further advised that any amended complaint must **clearly allege** state action on the part of Defendant Daniel R. Voght, or Defendant Daniel R. Voght will be dismissed from this action.

The majority of the alleged wrongdoing against Daniel R. Voght occurred **after** June 2004 -- when Daniel R. Voght retired from the New York State Troopers --  therefore this alleged wrongdoing cannot be said to have occurred under color of state law.  Moreover, it does not appear that Daniel R. Voght was acting "under color of law" in his dealings with the Plaintiff.  Instead, it appears that the disputes between Plaintiff and Daniel R. Voght -- Plaintiff's brother -- were personal in nature.  Accordingly, Daniel R. Voght is dismissed as a defendant to this action.

**B.      Montgomery County Sheriff Department and New York State Police Headquarters**

Plaintiff's amended complaint contains no allegations against the Montgomery County Sheriff's Department or New York State Police Headquarters and neither of these entities are included in the caption of Plaintiff's amended complaint.  Accordingly, these entities are dismissed

from this action.

**C.     Additional defendants**

Plaintiff's amended complaint adds nine new Defendants to his action and alleges that these Defendants denied Plaintiff his right to equal protection by failing to respond to Plaintiff's reports of theft and harassment.  The Clerk will be directed to add these new Defendants to the docket of this action.

**WHEREFORE**, it is hereby

**ORDERED**, that Sgt. Daniel R. Voght, Montgomery County Sheriff Department, and New York State Police Headquarters are dismissed as Defendants to this action, and it is further

**ORDERED**, that the Clerk is directed to add the following parties as Defendants to this action:  Michael Amotto, Ernest Sammons,  Joseph Kilmartin, Lt. Burt Wilson, Scott W. Whitman, Christopher Cuddy, Scott Carlson, Andrew Neff, and Craig A. Eggleston, and it is further

**ORDERED**, that the Clerk shall issue summonses and forward them, along with copies of the amended complaint and packets containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York, to the United States Marshal for service upon the named Defendants.  The Clerk shall also forward a copy of the summons and amended complaint by mail to the Office of the Attorney General for the State of New York and the County Attorney for the County of Montgomery, together with a copy of this Order; and it is further

**ORDERED**, that a formal response to Plaintiff's amended complaint be filed by the Defendants or their counsel as provided for in the Federal Rules of Civil Procedure subsequent to service of process on the Defendants; and it is further

**ORDERED**, that the Clerk is directed to schedule a Rule 16 conference before the assigned

magistrate judge, and it is further

ORDERED, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be returned, without processing.**  Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; and it is further

ORDERED, that the Clerk of the Court serve a copy of this Order on Plaintiff by regular mail.

IT IS SO ORDERED.

Dated:   July 14, 2006

Norman A. Mordue
Chief United States District Court Judge