UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GILBERT M. VOGHT,

                Plaintiff,

v.                                                          6:05-CV-1170
                                                            (GTS/GHL)
MICHAEL AMOTTO; ERNEST SAMMONS;
JOSEPH KILMARTIN; LT. BURT WILSON;
SCOTT W. WHITMAN; CHRISTOPHER CUDDY;
SCOTT CARLSON; ANDREW NEFF; and
CRAIG A. EGGLESTON,

                Defendants.

_____

APPEARANCES:                                               OF COUNSEL:

GILBERT M. VOGHT
  Plaintiff, *Pro Se*
240 Seebers Lane
Canajoharie, NY 13317

GIRVIN & FERLAZZO, P.C.                                     GREGG T. JOHNSON, ESQ.
  Counsel for Defendants Sammons, Kilmartin,
  Wilson, Whitman, Cuddy and Amato[1]
20 Corporate Woods Boulevard
2nd Floor
Albany, NY 12211-2350

HON. ANDREW M. CUOMO                                        DAVID B. ROBERTS, ESQ.
Attorney General for the State of New York
  Counsel for Defendants Carlson, Neff
  and Eggleston
The Capitol
Albany, NY 12224

GLENN T. SUDDABY, United States District Judge

_____

[1]      The Court notes that the correct spelling of the last name of Defendant "Amotto" is Amato.  (Dkt. No. 34, Part 3 [Affid. of Amato].)

## MEMORANDUM-DECISION and ORDER

Currently pending before the Court in this *pro se* civil rights action, filed pursuant to 42 U.S.C. § 1983, are two motions for summary judgment filed by Defendants. (Dkt. Nos. 34, 41.) For the reasons set forth below, both of these motions are granted, and Plaintiff's Amended Complaint (Dkt. No. 10) is dismissed in its entirety.

## I.     BACKGROUND

### A.     Plaintiff's Claims

Gilbert M. Voght ("Plaintiff") filed his original Complaint in this action on September 16, 2005. (Dkt. No. 1.) Generally, in his original Complaint, Plaintiff alleged that his constitutional rights were violated when, over the course of approximately twenty (20) years, he was embroiled in a dispute with his brother, Daniel R. Voght (who retired from the New York State Police Department in around June of 2004), and various individuals and/or entities participated in the dispute. (*Id*.) On October 5, 2005, the Court granted Plaintiff's request for leave to proceed *in forma pauperis*, but *sua sponte* dismissed certain of his claims for failure to state a claim upon which relief might be granted, granting him leave to file an Amended Complaint. (Dkt. No. 4.) On April 4, 2006, Plaintiff filed an Amended Complaint. (Dkt. No. 10.) On July 14, 2006, the Court again dismissed certain of Plaintiff's claims for failure to state a claim upon which relief might be granted, including Plaintiff's claims against his brother, Daniel Voght. (Dkt. No. 12.)

Remaining in Plaintiff's Amended Complaint were, and are, his claims that, between approximately April 5, 2003, and April 13, 2005, six employees of the Montgomery County Sheriff's Office (Defendants Amato, Sammons, Kilmartin, Wilson, Whitman, and Cuddy), and

three employees of the New York State Police Department (Defendants Carlson, Neff and Eggleston), violated Plaintiff's rights under the United States Constitution when they essentially either failed to stop Daniel Voght from harassing or assaulting Plaintiff, or they actually participated in the harassment or assaults. (*See* Dkt. No. 10, ¶ 4 [Plf.'s Am. Compl.].)

More specifically, construed with the special leniency normally afforded to the pleadings of *pro se* civil rights litigants, Plaintiff's claims allege that Defendants violated his constitutional rights in the following five ways:

(1) On or about April 5, 2003, Defendant Whitman wrongfully denied Plaintiff's request to file against his brother, Daniel Voght, a criminal "countercharge" for an unspecified offense, thus depriving Plaintiff of (a) the right to petition the Government for a redress of his grievances under the First Amendment, (b) the right to equal protection of the laws under the Fourteenth Amendment, and (c) the right to due process of law under the Fourteenth Amendment;

(2) On or about March 15, 2004, and April 19, 2004, Defendants Neff and Eggleston wrongfully denied Plaintiff's request for the issuance of an order of protection against his brother, Daniel Voght, thus depriving Plaintiff of (a) the right to petition the Government for a redress of his grievances under the First Amendment, (b) the right to equal protection of the laws under the Fourteenth Amendment, and (c) the right to due process of law under the Fourteenth Amendment;

(3) On or about July 20, 2004, Defendant Sammons failed to "follow up" on Plaintiff's complaint that his brother, Daniel Voght, had kicked in the garage door of Plaintiff's residence, thus depriving him of (a) the right to petition the Government for a redress of his grievances under the First Amendment, (b) the right to equal protection of the laws under the Fourteenth

Amendment, and (c) the right to due process of law under the Fourteenth Amendment;

(4) On an unspecified date, Defendants Kilmartin and Cuddy approached Plaintiff on his girlfriend's property, warned him of his prior violation of state law, mentioned various prior incidents involving Plaintiff, refused to promptly leave the property after being asked to do so, and threatened to "get [Plaintiff] one way or another," thus depriving him of (a) the right to be free from retaliation (for having filed complaints against the Government) under the First Amendment, (b) the right to be free from an unreasonable invasion of privacy under the Fourth Amendment, (c) the right to equal protection of the laws under the Fourteenth Amendment, and (d) the right to be free from verbals threats by police accompanied by the use of physical force under the Fourteenth Amendment; and

(5) Defendants Amato and Wilson failed to provide adequate supervision and training to various of their deputy sheriffs (specifically, Defendants Whitman, Sammons, Kilmartin and Cuddy), and Defendant Carlson failed to provide adequate supervision and training to various members of the New York State Troopers (specifically, Defendants Neff and Eggleston), thus depriving Plaintiff of the constitutional rights described above. (*Id*.)

Moreover, Plaintiff's Amended Complaint alleges state law claims of trespass and assault against Defendants Kilmartin and Cuddy based on the above-described actions. (*Id*.)

**B.    Defendants' Arguments**

In their motion for summary judgment, Defendants Amato, Sammons, Kilmartin, Wilson, Whitman, and Cuddy ("the County Defendants") argue that Plaintiff's claims against them should be dismissed for four alternative reasons: (1) the record before the Court does not contain any evidence establishing, nor does Plaintiff's Amended Complaint allege facts plausibly suggesting,

that any County Defendant has violated his right to equal protection of the laws under the Fourteenth Amendment, or any other constitutional right; (2) the record before the Court does not contain any evidence establishing, nor does Plaintiff's Amended Complaint allege facts plausibly suggesting, that Defendants Amato and Wilson (both supervisors) were personally involved in the constitutional violations alleged; (3) based on the uncontroverted record evidence, the County Defendants are protected from liability as a matter of law by the doctrine of qualified immunity; and (4) Plaintiff's claims against Defendants Kilmartin and Cuddy are in fact nothing more than state law claims of trespass and assault, which are barred because he failed to serve on those Defendants a notice of claim within ninety (90) days of the accrual of the claim, and which, in any event, are not worth exercising pending jurisdiction over (after Plaintiff's constitutional claims are dismissed). (Dkt. No. 35, at 7-25 [County Defs.' Memo. of Law].)

In their motion for summary judgment, Defendants Carlson, Neff and Eggleston argue that Plaintiff's claims against them should be dismissed for three alternative reasons: (1) the record before the Court does not contain any evidence establishing, nor does Plaintiff's Amended Complaint allege facts plausibly suggesting, that any State Defendant has violated his right to equal protection of the laws, and due process of law, under the Fourteenth Amendment; (2) based on the uncontroverted record evidence, the State Defendants are protected from liability as a matter of law by the doctrine of qualified immunity; and (3) the record before the Court does not contain any evidence establishing, nor does Plaintiff's Amended Complaint allege facts plausibly suggesting, that Defendant Carlson (a supervisor) was personally involved in the constitutional violations alleged. (Dkt. No. 41, Part 13, at 7-15 [State Defs.' Memo. of Law].)

## II.     APPLICABLE LEGAL STANDARD

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In determining whether a genuine issue of material fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party. However, when the moving party has met its initial burden of establishing the absence of any genuine issue of material fact, the nonmoving party must come forward with "specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e).

What this burden-shifting standard means when a plaintiff has failed to respond to a defendant's motion for summary judgment is that "[t]he fact that there has been no [such] response . . . does not . . . [by itself] mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996).  Rather, practically speaking, the Court must (1) determine what material facts, if any, are *disputed* in the record presented on the defendants' motion, and (2) assure itself that, based on those *undisputed* material facts, the law indeed warrants judgment for the defendants.  *Champion*, 76 F.3d at 486; *Allen v. Comprehensive Analytical Group, Inc.*, 140 F. Supp.2d 229, 232 (N.D.N.Y. 2001) (Scullin, C.J.); N.D.N.Y. L.R. 7.1(b)(3).  However, the plaintiff's failure to respond to the defendant's motion for summary judgment lightens the defendant's burden on the motion.

More specifically, where a plaintiff has failed to properly respond to a defendant's factual assertions contained in its Statement of Material Facts (a/k/a its "Rule 7.1 Statement"), the factual assertions contained in that Rule 7.1 Statement will be accepted as true to the extent that

(1) those facts are supported by the evidence in the record, and (2) the non-moving party, if he is proceeding *pro se*, has been specifically advised of the potential consequences of failing to respond to the movant's motion for summary judgment. *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 243 (2d Cir. 2004); *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996); N.D.N.Y. L.R. 7.1(a)(3); N.D.N.Y. L.R. 56.2.

Similarly, where a plaintiff has failed to respond to a defendant's properly filed and facially meritorious memorandum of law (submitted in support of its motion for summary judgment), the plaintiff is deemed to have "consented" to the legal arguments contained in that memorandum of law under Local Rule 7.1(b)(3).[2] Stated another way, where a defendant has properly filed a memorandum of law (in support of a properly filed motion for summary judgment), and the plaintiff has failed to respond to that memorandum of law, the only remaining issue is whether the legal arguments advanced in the defendant's memorandum of law are *facially meritorious*.[3] A defendant's burden in making legal arguments that are facially

---

[2]     *See, e.g.*, *Beers v. GMC*, 97-CV-0482, 1999 U.S. Dist. LEXIS 12285, at *27-31 (N.D.N.Y. March 17, 1999) (McCurn, J.) (deeming plaintiff's failure, in his opposition papers, to oppose several arguments by defendants in their motion for summary judgment as consent by plaintiff to the granting of summary judgment for defendants with regard to the claims that the arguments regarded, under Local Rule 7.1[b][3]; *Devito v. Smithkline Beecham Corp.*, 02-CV-0745, 2004 WL 3691343, at *3 (N.D.N.Y. Nov. 29, 2004) (McCurn, J.) (deeming plaintiff's failure to respond to "aspect" of defendant's motion to exclude expert testimony as "a concession by plaintiff that the court should exclude [the expert's] testimony" on that ground).

[3]     *Hernandez v. Nash*, 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at *7-8 (N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) [citations omitted]; *accord*, *Topliff v. Wal-Mart Stores East LP*, 04-CV-0297, 2007 U.S. Dist. LEXIS 20533, at *28 & n.43 (N.D.N.Y. March 22, 2007) (Lowe, M.J.); *Sledge v. Kooi*, 04-CV-1311, 2007 U.S. Dist. LEXIS 26583, at *28-29 & n.40 (N.D.N.Y. Feb. 12, 2007), *adopted by* 2007 U.S. Dist. LEXIS 22458 (N.D.N.Y. March 28, 2007) (McAvoy, J.); *Kele v. Pelkey*, 03-CV-0170, 2006 U.S. Dist. LEXIS 95065, at *5 & n.2 (N.D.N.Y. Dec. 19, 2006), *adopted by* 2007 U.S. Dist. LEXIS 4336 (N.D.N.Y. Jan. 22, 2007) (Kahn, J.).

meritorious has appropriately been characterized as "modest."[4]

Implied in the above-stated standard is the fact that, where a non-movant fails to respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute, even if that non-movant is proceeding *pro se*.[5] This is because even *pro se* plaintiffs must obey the Court's procedural rules.[6] For example, this Court has often enforced Local Rule 7.1(a)(3) (and its predecessor, Local Rule 7.1[f]), by

---

[4]    *Ciaprazi v. Goord*, 02-CV0915, 2005 WL 3531464, at *8 (N.D.N.Y. Dec. 22, 2005) (Sharpe, J.; Peebles, M.J.) [citation omitted]; *accord*, *Saunders v. Ricks*, 03-CV-0598, 2006 WL 3051792, at *9 & n.60 (N.D.N.Y. Oct. 18, 2006) (Hurd, J., adopting Report-Recommendation); *cf. Race Safe Sys. v. Indy Racing League*, 251 F. Supp.2d 1106, 1109-1110 (N.D.N.Y. 2003) (Munson, J.) (reviewing whether record contradicted defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3]); *Wilmer v. Torian*, 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.) (applying prior version of Rule 7.1[b][3], but recommending dismissal because of plaintiff's failure to respond to motion to dismiss *and* the reasons set forth in defendants' motion papers)*, adopted by* 1997 U.S. Dist. LEXIS 16340, at *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord, Carter v. Superintendent Montello*, 95-CV-989, 1996 U.S. Dist. LEXIS 15072, at *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F. Supp. 595 (N.D.N.Y. 1996) (Pooler, J.).

[5]    *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) [citations omitted]; *accord*, *Lee v. Alfonso*, No. 04-1921, 2004 U.S. App. LEXIS 21432 (2d Cir. Oct. 14, 2004), *aff'g*, 97-CV-1741, 2004 U.S. Dist. LEXIS 20746, at *12-13 (N.D.N.Y. Feb. 10, 2004) (Scullin, J.) (granting motion for summary judgment); *Fox v. Amtrak*, 04-CV-1144, 2006 U.S. Dist. LEXIS 9147, at *1-4 (N.D.N.Y. Feb. 16, 2006) (McAvoy, J.) (granting motion for summary judgment); *Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. Oct. 29, 2003) (Sharpe, M.J.) (granting motion for summary judgment); *Prestopnik v. Whelan*, 253 F. Supp.2d 369, 371-372 (N.D.N.Y. 2003) (Hurd, J.).

[6]    *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806, 834, n. 46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Edwards v. I.N.S.*, 69 F.3d 5, 8 (2d Cir. 1995) ("[W]hile a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.") [citations omitted].

deeming facts set forth in a moving party's statement to have been admitted where the opposing party has failed to properly respond to that statement–even where the opposing party was proceeding *pro se* in a civil rights case.[7]

In the event the district court chooses to conduct such an independent review of the record, any verified complaint filed by the plaintiff should be treated as an affidavit.  *Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d. Cir. 2004).  That having been said, to be sufficient to create a factual issue for purposes of a summary judgment motion, an affidavit (or verified complaint) must, among other things, be based "on personal knowledge."  Fed. R. Civ. P. 56(e)(1).  In addition, such an affidavit (or verified complaint) must not be conclusory.  Fed. R. Civ. P. 56(e)(2).

Finally, it is important to note that, to the extent that a defendant's motion for summary judgment under Fed. R. Civ. P. 56 is based on the insufficiency of the plaintiff's claims in pleading, such a motion is functionally the same as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  *Schwartz v. Compagnise General Transatlantique*, 405 F.2d 270, 273-74 (2d Cir. 1968); *accord*, *Katz v. Molic*, 128 F.R.D. 35, 37-38 (S.D.N.Y. 1989).  Here, Defendants' two motions for summary judgment contain alternative arguments based on the insufficiency of Plaintiff's claims in pleading.  However, the Court finds that Plaintiff's claims may be, and should be, disposed of based on the evidentiary insufficiency of those claims,

---

[7]      *See*, *e.g.*, *DeMar v. Car-Freshner Corp.*, 49 F. Supp.2d 84, 86 & n.1 (N.D.N.Y. 1999) (McAvoy, C.J.) (*pro se* civil rights case); *Costello v. Norton*, 96-CV-1634, 1998 WL 743710, at *1, n.1 (N.D.N.Y. Oct. 21, 1998) (McAvoy, C.J.) (*pro se* civil rights case); Squair v. O'Brien & Gere Eng'rs, Inc., 96-CV-1812, 1998 WL 566773, at *1, n.2 (N.D.N.Y. Aug. 21, 1998) (Scullin, J.) (*pro se* civil rights case); *see also Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) (discussing district courts' discretion to adopt local rules like 7.1[a][3], in *pro se* civil rights case).

under Fed. R. Civ. P. 56.  As a result, the Court finds no need to recite, and apply, the legal

standard governing Fed. R. Civ. P. 12(b)(6) motions to dismiss.

## III.    ANALYSIS

After carefully reviewing Plaintiff's Amended Complaint and Defendants' unopposed

motions for summary judgment, the Court agrees with Defendants that dismissal of Plaintiff's

entire Amended Complaint is warranted for the reasons stated by Defendants in their memoranda

of law and Rule 7.1 Statements.  (*See* Dkt. No. 34, Part 2 [County Defs.' Rule 7.1 Statement];

Dkt. No. 35 [County Defs.' Memo. of Law]; Dkt. No. 40, Part 4 [County Defs.' Suppl. Rule 7.1

Statement]; Dkt. No. 41, Parts 3, 13 [State Defs.' Rule 7.1 Statement and Memo. of Law].)

As an initial matter, the Court finds that Plaintiff was given adequate notice of the

consequences of failing to oppose Defendants' motions for summary judgment.  (Dkt. No. 41,

Part 2 [State Defs.' Notice to *Pro Se* Litigant]; Dkt. No. 42, at 3-4 [County Defs.' Notice to *Pro

Se* Litigant]; Dkt. Entry dated 5/4/06 [reflecting that Plaintiff was forwarded copy of the

District's *Pro Se* Handbook, page 42 of which advises *pro se* litigants of the consequences of

failing to oppose a defendant's motion for summary judgment].)  In addition, it is worth noting

that, by the time that Defendants filed their motions for summary judgment in this action,

Plaintiff had acquired at least some experience as *pro se* civil rights litigant in federal court,

having litigated ten (10) other civil rights actions *pro se* in this Court.[8]  Having found that

---

[8]      *See Voght v. Hayes*, 94-CV-0953, Order of Dismissal (N.D.N.Y. filed Jan. 9,
1997) (Scullin, J.) (granting motion to dismiss for failure to state a claim upon which relief might
be granted); *Voght v. Braun*, 94-CV-1134, Order of Dismissal (N.D.N.Y. filed Jan. 9, 1997)
(Scullin, J.) (granting motion to dismiss for failure to state a claim upon which relief might be
granted); *Voght v. Guiffre*, 94-CV-1294, Order of Dismissal (N.D.N.Y. filed Jan. 9, 1997)
(Scullin, J.) (granting motion to dismiss for failure to state a claim upon which relief might be
granted); *Voght v. NYS Police Dept.*, 95-CV-1293, Order of Dismissal (N.D.N.Y. filed Nov. 3,

Plaintiff was given adequate notice of the consequences of failing to oppose Defendants' motions

for summary judgment, the Court will now turn to an analysis of the facial merit of Defendants'

legal arguments.  *See*, *supra*, Part II of this Memorandum-Decision and Order.

With regard to Plaintiff's First Amendment retaliation claim against Defendants

Kilmartin and Cuddy, the Court finds that Defendants' arguments for dismissal of this claim

have, at the very least, facial merit.  Plaintiff has failed to adduce any record evidence

establishing the first and third elements necessary to succeed on such a claim: (1) that Plaintiff

engaged in speech or conduct at issue was "protected" under the First Amendment; and (2) that

there was a causal connection between the protected speech and any adverse action taken against

Plaintiff by these two Defendants–in other words, that the protected conduct was a "substantial

or motivating factor" in Defendants' decision to take any adverse action against Plaintiff.  *Mount*

*Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Gill v. Pidlypchak*, 389

F.3d 379, 380 (2d Cir. 2004) (citing *Dawes v. Walker*, 239 F.3d 489, 492 [2d. Cir. 2001]).

With regard to Plaintiff's First Amendment access-to-courts claims against Defendants

Whitman, Neff, Eggleston, and Sammons, the Court finds that Defendants' arguments for

---

1995) (Scullin, J.) (*sua sponte* dismissing complaint based on frivolousness); *Voght v. Village of Canajoharie*, 95-CV-1294, Order of Dismissal (N.D.N.Y. filed Nov. 3, 1995) (Scullin, J.) (*sua sponte* dismissing complaint based on frivolousness); *Voght v. Tomlinson*, 95-CV-1295, Order of Dismissal (N.D.N.Y. filed Nov. 3, 1995) (Scullin, J.) (*sua sponte* dismissing complaint based on frivolousness); *Voght v. Polikowski*, 95-CV-1296, Order of Dismissal (N.D.N.Y. filed June 18, 1997) (Pooler, J.) (*sua sponte* dismissing complaint due to Plaintiff's failure to file Amended Complaint stating claims upon which relief might be granted); *Voght v. Voght*, 97-CV-0508, Order of Dismissal (N.D.N.Y. filed Jan. 8, 1998) (Scullin, J.) (*sua sponte* dismissing Plaintiff's Complaint for failing to comply with Order to pay filing fee and for failing to prosecute action); *Voght v. Grandy*, 97-CV-0855, Order of Dismissal (N.D.N.Y. filed Jan. 8, 1998) (Scullin, J.) (*sua sponte* dismissing Plaintiff's Complaint for failing to comply with Order to pay filing fee and for failing to prosecute action); *Voght v. Emery*, 97-CV-1529, Order of Dismissal (N.D.N.Y. filed Dec. 1, 1997) (Scullin, J.) (*sua sponte* dismissing complaint based on frivolousness).

dismissal of these claims have, at the very least, facial merit. Plaintiff has failed to adduce any record evidence establishing that either (1) any of these Defendants acted deliberately and maliciously, or (2) these Defendants' actions denied Plaintiff from exercising any right protected by the First Amendment. *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981); *Lis v. Leahy*, 90-CV-0834, 1991 WL 99060, at *1 (W.D.N.Y. June 3, 1991); *Silverstein v. Barnes*, 85-CV-8748, 1986 WL 4545, at *3 (S.D.N.Y. Apr. 10, 1986), *aff'd*, 798 F.2d 467 (2d Cir. 1986); *see also Caracter v. Avshalumov*, 06-CV-4310, 2006 WL 3231465, at *3-4 (D. N.J. Nov. 8, 2006).

With regard to Plaintiff's Fourth Amendment invasion-of-privacy claim against Defendants Kilmartin and Cuddy, the Court finds that Defendants' arguments for dismissal of this claim have, at the very least, facial merit. Plaintiff has failed to adduce any record evidence establishing that the two Defendants' actions in temporarily remaining on the property in question after being asked to leave violated the Fourth Amendment. (The Court notes that it would reach the same conclusion even if it were to presume that the property in question had been owned by *Plaintiff*, and that the two Defendants' actions constituted trespass under New York State law.) *Oliver v. United States*, 466 U.S. 170, 183-84 (1984); *Nasca v. County of Suffolk*, 05-CV-1717, 2008 WL 53247, at *4-8 (E.D.N.Y. Jan. 2, 2008); *see also Johnson v. Weaver*, 248 F. App'x 694, 696-97 (6th Cir. 2007).

With regard to Plaintiff's Fourteenth Amendment equal protection claims against Defendants Whitman, Neff, Eggleston, Sammons, Kilmartin and Cuddy, the Court finds that Defendants' arguments for dismissal of these claims have, at the very least, facial merit. Plaintiff has failed to adduce any record evidence establishing that any of these Defendants treated him differently from others similarly situated. *Lewis v. Gallivan*, 315 F. Supp.2d 313, 316

(W.D.N.Y. 2004).  The Court also finds that, even if Plaintiff had adduced such record evidence, he has failed to adduce any record evidence establishing that such differential treatment was either (1) the result of intentional or purposeful discrimination directed at an identifiable or suspect class or (2) without a rational basis.  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *DeMuria v. Hawkes*, 328 F.3d 704, 706-07 (2d Cir. 2003).  Nor has Plaintiff adduced any record evidence establishing that any of these Defendants denied him equal protection of the laws by subjecting him to selective prosecution.  *Cobb v. Pozzi*, 363 F.3d 89, 109-110 (2d Cir. 2004).

With regard to Plaintiff's Fourteenth Amendment due process claims against Defendants Whitman, Neff, Eggleston, and Sammons, the Court finds that Defendants' arguments for dismissal of these claims have, at the very least, facial merit.  Plaintiff has failed to adduce any record evidence establishing that any of these Defendants violated either Plaintiff's right to procedural due process or his right to substantive due process.  It must be remembered that a police officer's alleged failure to protect one citizen from another does not violate due process, absent the existence of a special relationship between the police officer and the victim such as a custodial relationship (which is not present here).  *DeShaney v. Winnebago County Dept. of Social Servs.*, 489 U.S. 189, 195-96 (1989); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 533 (2d Cir. 1993).

With regard to Plaintiff's Fourteenth Amendment verbal-harassment claim against Defendants Kilmartin and Cuddy, the Court finds that Defendants' arguments for dismissal of this claim have, at the very least, facial merit.  Plaintiff has failed to adduce any record evidence establishing that, even if the remarks made by Defendants constituted a verbal threat to Plaintiff,

13

either of the Defendants accompanied that verbal threat with the use of physical force or contact. *Singleton v. Caron*, 03-CV-0445, 2005 WL 2179402, at *8 (N.D.N.Y. Sept. 8, 2005) (Peebles, M.J.), *adopted by* 2006 WL 2023000 (N.D.N.Y. July 18, 2006) (Sharpe, J.); *Washington v. Coughlin*, 95-CV-1355, 1998 WL 661532, at *4 (N.D.N.Y. Sept. 23, 1998) (Scullin, J.); *Jermosen v. Coughlin*, 878 F. Supp. 444, 449 (N.D.N.Y. 1995) (McAvoy, C.J.).

With regard to Plaintiff's failure-to-supervise claims against Defendants Amato and Wilson, the Court finds Defendants' arguments for dismissal of these claims have, at the very least, facial merit. The Court finds no record evidence of an underlying constitutional violation committed by a subordinate of one of these two Defendants. Furthermore, even if the Court had found evidence of an underlying constitutional violation, the Court finds no record evidence that either of these two Defendants were somehow responsible for that constitutional violation.

Finally, with regard to Plaintiff's state law claims of trespass and assault against Defendants Kilmartin and Cuddy, the Court declines to exercise supplemental jurisdiction over these pendent state law claims under the circumstances. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Verley v. Goord*, 05-CV-1251, 2008 WL 4279498, at *16, n.35 (N.D.N.Y. Sept. 15, 2008) (Kahn, J., adopting Report-Recommendation) [citing cases]. As a result, the Court dismisses those two state law claims without prejudice.

**ACCORDINGLY**, it is

**ORDERED** that the County Defendants' motion for summary judgment (Dkt. No. 34) is **<u>GRANTED</u>**; and it is further

**ORDERED** that the State Defendants' motion for summary judgment (Dkt. No. 41) is **<u>GRANTED</u>**; and it is further

14

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 10) is **<u>DISMISSED</u>** in its entirety, the federal claims therein being dismissed with prejudice, and the two state law claims therein being dismissed without prejudice.

Dated: November 18, 2008
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

15